### SCHNEIDER v. NEWGOLD.

(Supreme Court, Appellate Term, First Department. February 7, 1913.)

EVIDENCE (§ 474*)—KNOWLEDGE—VALUE.

In an action for the reasonable value of laundry work, it was improper to permit the owner and manager of the laundry to state what the work was worth, where he had no personal knowledge of the work done, except as shown by his books.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 2196–2219; Dec. Dig. § 474.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Action by Benjamin Schneider against Morris Newgold. From judgment for plaintiff, defendant appeals. Reversed, and new trial ordered.

Argued January term, 1913, before SEABURY, LEHMAN, and PAGE, JJ.

Bogart & Bogart, of New York City (John Bogart, of New York City, of counsel), for appellant.

Alexander Lamont, of New York City, for respondent.

PER CURIAM. This action is brought to recover the reasonable value of laundry work alleged to have been done by the plaintiff for the defendant. The answer is verified, and contains a general denial as well as a counterclaim.

The only proof as to the amount and value of this work alleged to have been performed consists of the plaintiff's testimony in answer to the question, "Now, between those dates did you do certain laundry work for him?" answered, "Yes, sir," and the further question, "What is that work worth?" answered, "$113.34." No foundation for these questions and answers was laid. It appears from the testimony that the plaintiff was the owner and manager of a large laundry business, and had no personal knowledge of the work done, except so far as it might be shown by his books. The testimony was properly objected to and should have been excluded.

There was no competent evidence to sustain the judgment, and it must be reversed, and a new trial ordered, with costs to the appellant to abide the event.